# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHAWN DeWEESE,

      Plaintiff,                  :       Case No. 3:09-cv-057

                                      District Judge Walter Herbert Rice
   -vs-                              Magistrate Judge Michael R. Merz

                             :

BIG O TIRES, LLC, et al.,

      Defendant.

## REPORT AND RECOMMENDATIONS REGARDING DEFAULT JUDGMENT

This case is before the Magistrate Judge *sua sponte* upon referral in the Preliminary Pretrial Conference Order (Doc No. 11).

The case is pending on Plaintiff's Motion to Remand (Doc. No. 5). The motion papers on that Motion refer to a Default Judgment taken by Plaintiff against Defendant Tidewater Marketing Global Consultants, Inc. Upon examination, it appears that Judge Rice signed and caused to be filed the Judgment Entry tendered by Plaintiff as an exhibit to its Motion for Default Judgment[1]. However, the Default Judgment is seriously defective as to form and the procedure for its filing in the following respects:

1,     The Judgment Entry (Doc. No. 8) purports to grant default judgment to "Plaintiff Lawrence C. Kurtzman." No such person is named as a Plaintiff in this case.

2.     The Motion for Default Judgment was filed without having the Clerk enter Tidewater's default. See Fed. R. Civ. P. 55(a). Obtaining an entry of default is a mandatory step before

---

[1] Fed. R. Civ. P. 58 expressly provides: "Attorneys shall not submit forms of judgment except upon direction of the court, . . ."

taking a default judgment. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2682.

3. The Judgment Entry purports to grant judgment to Plaintiff Kurtzman "for the relief demanded by Plaintiff in its [sic] Complaint, and other equitable and legal relief which this Court deems just, fair and equitable." However, the Complaint does not demand any particular sum of money, but merely compensatory damages, punitive damages, interest, costs, and attorney fees in unspecified amounts. Fed. R. Civ. P. 55(b)(2) clearly contemplates that, unless judgment is sought for a sum certain, a plaintiff is to obtain a hearing from the Court to determine the amount of damages before a judgment entry is filed.

Accordingly, it is respectfully recommended that the Court, pursuant to Fed. R. Civ. P. 60(a), vacate the Judgment Entry of Default and require Plaintiff to proceed as provided in Fed. R. Civ. P. 55.

April 9, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).