# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHAWN DeWEESE,

    Plaintiff,  :  Case No. 3:09-cv-057

                          District Judge Walter Herbert Rice
   -vs-                       Magistrate Judge Michael R. Merz

                                      :

BIG O TIRES, LLC, et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS ON MOTION TO REMAND

This case is before the on Plaintiff's Motion to Remand (Doc. No. 5), which Defendants oppose[1] (Doc. No. 9) and on which Plaintiff has filed a Reply Memorandum in Support (Doc. No. 10). The case was referred to the undersigned in the Preliminary Pretrial Conference Order (Doc. No. 11).

While a motion to remand is a pre-trial motion and not expressly removed from magistrate judge decisional authority by 28 U.S.C. § 636(b)(1)(A), it has been classified as a "dispositive" motion by case law. *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001). Therefore, the Magistrate Judge is filing a Report and Recommendations on this Motion.

Plaintiff filed this action in the Montgomery County Common Pleas Court on his own behalf and on behalf of the following described class: "All consumers who purchased Tires from Big O and who are members of the Promotion" and a sub-class "All residents of the State of Ohio who purchased tires from Big O and who are members of the Promotion." (Complaint, Doc. No. 4, at

---

[1] Except Defendant Tidewater Marketing Global Consultants, Inc., which has not entered an appearance.

¶ 30(i) and (ii). Plaintiff alleges there are over one thousand putative members of "each Class." *Id*. at ¶ 34(b). Plaintiff pleads claims for breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), fraud (Count IV), violation of the Ohio Consumer Sales Practices Act and similar statutes of all other States (Count V), violation of the ODTPA, Ohio Revised Code § 4165, et seq., and similar deceptive trade practices acts of all other States (Count VI), and seeks declaratory judgment and injunctive relief (Count VII). The ad damnum clause does not contain an allegation of the amount of damages suffered or sought, but instead seeks "compensatory damages for Plaintiff and Class Members in an amount to be determined at trial," punitive damages, interest, costs, attorney's fees, and declaratory and injunctive relief. (Complaint, Doc. No. 4, at 20.)

Defendants Big O Tires, LLC, and BOTK, LLC, removed the case to this Court with Defendant Tidewater's consent on February 12, 2009 (Notice of Removal, Doc. No. 1). Big O and BOTK asserts this Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that the parties are of diverse citizenship, the amount in controversy as of the time of filing exceeded $75,000 exclusive of interest and costs, and as to the class sought to be certified the amount in dispute was in excess of $5,000,000. *Id*.

Plaintiff's Motion to Remand asserts this Court lacks subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)("CAFA"), because Defendants have not proven that $5 million is in controversy. In response, Defendants assert there is diversity jurisdiction because the amount in controversy on Mr. DeWeese's claim exceeds $75,000 and, independently, there is jurisdiction under CAFA because the aggregated class claims exceed $ 5 million. Plaintiff replies that there is not diversity of citizenship on the individual claim and there is insufficient proof of the amount in controversy under CAFA.

**Analysis**

Because federal courts are courts of limited jurisdiction, a party invoking that jurisdiction has the burden of proving it exists. The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935); *see also Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908).

A defendant removing a case has the burden of proving diversity jurisdiction requirements. *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F. 3d 401, 404-05 (6th Cir. 2007); *Rogers v. Wal-Mart Stores*, 230 F.3d 868 (6th Cir. 2000), citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). In a removal case, the burden is not proof of jurisdictional amount to a legal certainty, but proof to a preponderance of the evidence. *Gafford v. General Elec. Co*., 997 F.3d 150 (6th Cir. 1993).

As was perfectly proper under Ohio R. Civ. P. 8, Plaintiff did not aver a particular amount of damages in the Complaint, but only that the amount in controversy "exceeds this court's jurisdictional minimum."[2] To determine whether a defendant has sufficiently shown the jurisdictional amount in States like Ohio where the complaint commonly alleges only that the damages are "in excess" of a certain minimum amount, most federal courts make an independent appraisal of the monetary value of the plaintiff's claims. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3725 and cases collected at n. 15.

Defendant offers a method of appraising what Mr. DeWeese's damages might be. He asserts actual damages of $505, which can be trebled in an individual case pursuant to Ohio Revised Code

---

[2]This Court is not cited to or aware of any jurisdictional minimum for Common Pleas courts. County courts in Ohio have exclusive original jurisdiction for claims up to $500, but only within their territorial jurisdiction. Ohio Revised Code § 1907.03(A).

§ 1345.09(B). He can also claim up to $5,000 in non-economic damages. Defendants note that some Ohio courts have allowed contractual damages in addition to statutory damages under the Consumer Sales Practices Act. More importantly, Mr. DeWeese has made a fraud claim which, if proved, would entitle him to punitive damages. In two recent cases, district courts in this Circuit have held that punitive damages claim "provide a significant suggestion that the jurisdictional threshold is met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560 (6th Cir. 2001); *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625 (W.D. Ky. 2007); *Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932 (W.D. Tenn. 2004); *see also Wagner v. Ohio Bell Tel. Co.* 673 F. Supp. 908 (N.D. Ohio 1987)(punitive damages claim adequate to satisfy jurisdictional amount where actual damages claim was only $202.50). Finally, Plaintiff seeks an award of attorney fees which are allowed under Ohio law both on his statutory claims and on the fraud claim. Attorney fees are also to be considered in determining the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007).

Plaintiff's Reply Memorandum makes no response to these proposed calculations on the individual claim. Significantly, Plaintiff does not offer to stipulate that the amount in controversy on his individual claim is less than $75,000, when all of the elements suggested by Defendants are considered. *Compare Williamson, supra,* and *Callaway v. BASF Corp.*, 810 F. Supp. 191(S.D. Tex. 1993). Instead, he asserts only that there is not diverse citizenship, alleging that BOTK is not diverse. Plaintiff asserts "BOTK is a foreign limited liability company which is incorporated in the State of Ohio." (Reply Memorandum, Doc. No. 10, at 3.) This assertion is self-contradictory: the very meaning of the term "foreign corporation" is a corporation incorporated in another State. Black's Law Dictionary (8th ed.) at 366. The proof attached by Plaintiff, Exhibit B to the Reply, purports to show that BOTK is a foreign limited liability company incorporated in Colorado. This is consistent with the allegation made in the Notice of Removal (Doc. No. 1 at ¶ 3C.)

Defendants assert Plaintiff is estopped to deny jurisdiction by his positive invocation of the Court's jurisdiction in seeking and obtaining a default judgment against Defendant Tidewater, relying on *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260 (D. Or. 2001), and *Giraudo v. Henkels & McCoy*, 1993 U.S. Dist. LEXIS 10751(D. Or. July 27, 1993). These cases do not provide authority for a finding of jurisdiction in this case. In each of them, a basis for removal was a Title VII claim which would support jurisdiction regardless of any other action by plaintiffs. In addition, the waiver in Riggs was of procedural objections to removal.

Conversely, in this case finding jurisdiction on the basis of waiver or judicial estoppel would violate the bedrock principle that federal court subject matter jurisdiction cannot be created by waiver, consent, or estoppel. In fact, even a party initially invoking federal jurisdiction may attack it later. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6 (1951); *Capron v. Van Noorden*, 6 U.S. 126 (1804).

In sum, although their estoppel argument is not well-taken, Defendants have established that there is diversity of citizenship jurisdiction over Plaintiff's individual claim. The Court therefore need not separately analyze the jurisdictional claim under CAFA. The Motion to Remand should be denied.

April 9, 2009.

                                                     s/ **Michael R. Merz**
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of

law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).